**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **EDUARDO FIGUEROA GARCIA,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-26-494-PRW** |
| | ) |
| **WARDEN OF CIMARRON** | ) |
| **CORRECTIONAL FACILITY, et al.,** | ) |
| | ) |
| **Respondents.**[1] | ) |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Eduardo Figueroa Garcia, a noncitizen proceeding pro se,[2]

seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States

District Judge Patrick R. Wyrick referred the case to the undersigned

Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C).

---

[1]    Respondent Warden Chris Gantt is not a federal official, and the response is not filed on his behalf. *See* Doc. 7, at 1 n.1.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doc. 3. The Government responded, Doc. 7, and the time for Petitioner to reply has lapsed. Doc. 5. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide a bond hearing or release Petitioner.

## I.    Factual background and Petitioner's claims.

Petitioner is a citizen of El Salvador. Doc. 7, at 2. He entered the United States at an unknown time without admission or parole after inspection. *Id*. He states Immigration and Customs Enforcement (ICE) detained him on September 23, 2025. Doc. 1, at 7. He has remained in detention since that time and has not been "offered an 'Individualized Bond Hearing.'" *Id*.

Also on September 23, 2025, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA) charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA)[4] and placing him into removal proceeding under 8 U.S.C. 1229a. Doc. 7, Ex. 2. On November 19, 2025, Petitioner filed his Application for Cancellation of Removal and

---

[4]    This section is codified at 8 U.S.C. § 1182(a)(6)(A)(i). Section 1182(a)(6)(A)(i) provides that an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(6)(A)(i).

Adjustment of Status with the Immigration Court (IC). *Id*. Ex. 2. Petitioner withdrew that application on December 11, 2025. *Id*. Ex. 3. On January 10, 2026, he filed a motion for post-conclusion voluntary departure, which the IC granted on April 3, 2026,[5] with a required departure date of May 4, 2026. *Id*. Ex. 4; Doc. 11, Ex. 1, at 2. The IC also denied Petitioner's application for cancellation of removal. Doc. 11, Ex. 1, at 2.[6] Although the IC set Petitioner's

---

[5]    To grant post-conclusion voluntary departure, the IC must have found that:

> (A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 1229(a) of this title;
> (B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure;
> (C) the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4) of this title; and
> (D) the alien has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so.

8 U.S.C. § 1229c(b)(1).

[6]    In response to the Court's order for an update on Petitioner's status, Respondents did not indicate whether they have released or intend to release Petitioner so that he can depart voluntarily. The undersigned's search for Petitioner on the ICE detainee locator website indicates he is still in custody and detained at the Cimarron Correctional Facility. *See* https://locator.ice.gov/odls/#/results (last visited June 3, 2026). Respondents cite no authority for their continued detention of Petitioner after the IC granted him voluntary departure with no requirement to post bond. *See* § 1229c(b)(1) ("The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a

bond at "$0.00, the IC also warned that "[f]ailure to post the bond as required or to depart by the required date will result in an alternate order of removal to El Salvador taking effect immediately." *Id.* On April 22, 2026, Petitioner appealed that decision to the Board of Immigration Appeals (BIA), which is still pending. Doc. 11, Ex. 2.

Liberally construing his claims. Petitioner argues his six-plus months' detention violates the Fifth Amendment and that ICE violated its regulations, in violation of his due process rights. Doc. 1, at 7-8. He maintains he "has not been offered an 'Individualized Bond Hearing,' nor has he received notice of any changed circumstances in [his] removal proceedings." *Id.* at 8. He seeks "immediate release" on an order of supervision or any "necessary" "alternative." *Id.*

---

proceeding under section 1229a of this title, the immigration judge enters an order granting voluntary departure in lieu of removal . . .").

## II.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.   Discussion.

### A.   Voluntary departure.

Respondents take no position as to the impact, if any, of Petitioner's appeal of his case to the BIA. The Supreme Court has provided guidance regarding the interplay between post-conclusion voluntary departure and appealing such decision to the BIA:

> The voluntary departure period typically does not begin to run until administrative appeals *are concluded. See* 8 U.S.C. § 1101(47)(B) ("The order . . . shall become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]"); § 1229c(b)(1) (Attorney General may permit voluntary departure at conclusion of removal

proceedings); *see also* 8 C.F.R. § 1003.6(a) (2007) ("[T]he decision in any proceeding . . . from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal . . ."). In addition, some Federal Courts of Appeals have found that they may stay voluntary departure pending consideration of a petition for review on the merits.

*Dada v. Mukasey*, 554 U.S. 1, 10-11 (2008) (emphasis added). *Dada* suggests that where an appeal is filed regarding an order of voluntary departure, the departure period—and by extension the alternate order of removal—does not take effect until *after* the administrative appeals have concluded. Such interpretation tracks the relevant post-conclusion voluntary departure regulations. *See* 8 C.F.R. § 1241.1(f) ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final: If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.").

And *Dada* relied on 8 C.F.R. § 1003.6(a), which more comprehensively states, "the decision in any proceeding under this chapter from which an appeal

6

to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification." *Id.* The regulation allows for automatic stay of removal where an appeal is pending before the BIA.

Because the BIA accepted Petitioner's appeal and such appeal remains pending, Petitioner's order of deportation is not final and cannot be executed while the appeal is pending. *See, e.g., Dada*, 554 U.S. at 10 (citing 8 C.F.R. § 1003.6(a)); *see also* 8 U.S.C. § 1101(a)(47)(B) ("The order [of deportation] . . . shall become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]"). As a result, Petitioner's alternate order of removal, Doc. 11, Ex. 1, at 1, is not "administratively final," and he is not subject to mandatory detention as the removal period has not yet begun. *See* 8 U.S.C. § 1231(a)(1).

**B.    Petitioner's unsuccessful claims.**

The undersigned agrees with Respondents that Petitioner cannot succeed on a substantive due process claim under *Zadvydas*, but for a different reason. Where a petitioner is subject to a final order of removal, the length of detention is governed by § 1231 and *Zadvydas'* six-month presumption of reasonableness. *See* 533 U.S. at 689 ("In our view, the statute, read in light of the Constitution's demands, limits an alien's *post-removal-period detention* to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." (emphasis added)). But, as noted above, Petitioner's alternate order of removal is not yet final. So his *Zadvydas* claim is premature.

Similarly, Petitioner's Administrative Procedure Act claim does not sound in habeas. *See* Doc. 7, at 11.

**C.    Petitioner has the right to procedural due process.**

Petitioner also claims that his ongoing detention without "an 'Individualized Bond Hearing'" violates his rights under the Due Process Clause of the Fifth Amendment. Doc. 1, at 7. The Court should agree.

8

### 1.    8 U.S.C. § 1226 governs Petitioner's detention.

Section 1226 governs "the usual removal process." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at \*1 (N.D. Cal. Sept. 12, 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020)). The § 1226 process starts when the government files an NTA with an immigration court. *Id.* Section 1226 then lets the government arrest and detain noncitizens or release them on bond or on conditional parole. 8 U.S.C. § 1226(a). Release is required if the noncitizen can show they are not a danger and will show up at future hearings. *Salcedo Aceros*, 2026 WL 2637503, at \*1 (citing *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) and 8 C.F.R. § 236.1(c)(8)). If detention continues, the noncitizen gets a bond hearing before an immigration judge. *Id.* To be released, noncitizens must show by a preponderance of the evidence that they are not a security threat, not a community danger, and not a flight risk. *Id.*

Respondents do not dispute that Petitioner is in standard removal proceedings and detained under § 1226. *See* Doc. 7, Ex. 1 (NTA). "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citations omitted). This Court has previously decided noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g.*, *Cortes v. Holt*,

9

No. CIV-25-1176-SLP, 2026 WL 147435, at *3-7 (W.D. Okla. Jan. 20, 2026) ("Petitioner is entitled to a prompt bond hearing before an immigration judge pursuant to § 1226(a)."); *cf. Rawal v. Figueroa*, No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026) ("This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation." (citing *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases))).[7] The Court should reach the same result in this case.

The undersigned therefore recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge under § 1226(a) within five business days of the Court's adoption of this Report and Recommendation or, in the alternative, immediately release Petitioner.

Petitioner has already shown the IC he qualifies for voluntary departure under the demanding standards of § 1229c, including by clear and convincing that he has both the means and intent to depart the United States. 8 U.S.C.

---

[7]     *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *5-12 (W.D. Okla. Dec. 26, 2025).

§ 1229c(b)(1)(D). So, the Court should find it is more appropriate for the Government to bear the burden of proof at a bond hearing where it is attempting to justify Petitioner's continued detention. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (placing the burden of proof on the Government to justify the petitioner's continued detention (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). Under these circumstances, the Government ought to now bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. *See L.G.*, 744 F. Supp. 3d at 1186 ("In general, the Supreme Court has held that the clear and convincing standard applies to civil detention where liberty is at stake." (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979))).

## IV.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition in part and **order Respondents to provide an individualized bond hearing within five business days, and that failure to do so should result in Petitioner's immediate release. At the hearing the Government should bear the burden to show by clear and convincing evidence that Petitioner poses a risk of flight or**

**danger to the community. The undersigned also recommends that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's order**, and to promptly provide a copy of this order to Counsel for the Warden of the Cimarron Correctional Facility. Finally, the Court should order that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker where the Government bears the burden of proving, by clear and convincing evidence that Petitioner is a flight risk and a danger to the community.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by June 9, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[8] The undersigned further advises the parties that failure to make timely

---

[8]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 4th day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE